IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **TERRY EDDINGTON #15176** § | |
| § | |
| V.   § | W-16-CA-089-RP |
| § | |
| **SHERIFF DENNIS WILSON,** § | |
| **et al.** § | |

## ORDER

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Limestone County Jail. Plaintiff alleges guards and inmates are harassing him. He asks that he be allowed to "do [his] time peacefully" and be awarded an unspecified amount of monetary damages.[1]

### DISCUSSION AND ANALYSIS

A.   Exhaustion of Administrative Remedies

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court subsequently reviewed the 1996 provisions

---

[1] It is clear from Plaintiff's complaint that he is being assisted by inmates, who have a history of filing frivolous complaints in this Court and filing complaints without first exhausting their administrative remedies. Unfortunately for Plaintiff, he is receiving bad "legal advice."

1

regarding exhaustion and concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731 (2001). The Supreme Court has repeatedly held that exhaustion is mandatory and is required for all actions brought by prisoners. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

In this case, it is clear from Plaintiff's complaint that he did not exhaust his administrative remedies prior to filing his lawsuit. Plaintiff signed his complaint the same day he signed his grievance directed to jail personnel and before he received a response to his grievance. While it is true that exhaustion is normally an affirmative defense, *see Jones v. Bock*, 549 U.S. 199 (2007), the Fifth Circuit has held that affirmative defenses may be raised *sua sponte* when they are "clear from the face of the complaint." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

## CONCLUSION

In this case, Plaintiff's pleadings make clear that he did not exhaust his administrative remedies prior to filing his complaint.

It is therefore **ORDERED** that Plaintiff's complaint is dismissed without prejudice for failure to exhaust his administrative remedies.

It is further **ORDERED** that Plaintiff is warned filing or pursuing any frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further **ORDERED** that Plaintiff is warned if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then she will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

**SIGNED** on April 27, 2016.

*[signature]*

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE